

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
August 26, 2021

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
\* \* \* \* \* \*

| | |
|---|---|
| In re:<br>ANDREW BUNKER PLATT and RUTH ANN PLATT,<br><br>            Debtors. | Case No.: 19-17282-abl<br><br>Chapter 7<br><br>**Adv. Case No. 19-01125-abl** |
| WOODS & ERICKSON, LLP, a Nevada limited liability partnership, d/b/a WOODS ERICKSON & WHITAKER, LLP,<br><br>            Plaintiff,<br>v.<br>ANDREW B. PLATT, an individual,<br><br>            Defendant. | **JUDGMENT** |

This adversary proceeding having come before the Court for a six-day trial on May 18, 2021, May 19, 2021, May 20, 2021, May 21, 2021, May 24, 2021 and May 25, 2021, Douglas D. Gerrard, Esq. of Gerrard Cox Larsen, appearing for Plaintiff, and Matthew L. Johnson, Esq. of Johnson & Gubler, P.C., appearing for Defendant.

Having reviewed all pleadings and admitted exhibits filed in this matter, the oral arguments of counsel, testimony of witnesses, after due deliberation and consideration, with proper notice having been given, and good cause appearing, the Court rules as follows:

1

1. The Complaint alleges a claim for nondischargeability under 11 U.S.C. Section 523(a)(4). Section 523(a)(4) states that a discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The Ninth Circuit in *Ormsby v. First American Title Co.*, 591 F.3d 1199, (2009) held that that a state law conversion claim (under Nevada law) may constitute larceny under federal law for purposes of 11 U.S.C. Section 523(a)(4) and held that "for purposes of Section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" The 9th Circuit *In re Short* determined "every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property. 818 F.2d 693, 695 (9th Cir. 1987)

The testimony at trial provided uncontroverted evidence that Mr. Platt was a partner and an employee of the Firm, Woods & Erickson, LLP. The credible evidence showed that Mr. Platt took $31,815.00 in fees from Renaissance Academy and took $134,920.00 in fees through L&S to convert to his own benefit, fees, clients and business opportunities belonging to the Firm. Mr. Platt admitted that he was compensated by the Renaissance Academy for legal services which he never remitted to the Firm. Mr. Platt, as a partner, was required to hold as trustee for the Firm, all benefits derived from all partnership opportunities.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant ANDREW B. PLATT is hereby denied a discharge of his debt under 11 U.S.C Section 523(a)(4), and his debt of $166,735.00 of actual damages is non-dischargeable.

**IT IS SO ORDERED.**

2