Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
Gary C. Milne, Esq.
Nevada Bar No. 3653
gmilne@gerrard-cox.com
**GERRARD COX LARSEN**
2450 Saint Rose Parkway, Suite 200
Henderson, Nevada 89074
(702) 796-4000
Attorneys for Creditor,
WOODS & ERICKSON, LLP

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-19-17282-abl |
| ANDREW B. PLATT and RUTH ANN PLATT, | Adversary Proceeding:19-01125-abl |
| Debtors. | Chapter 7 |
| WOODS & ERICKSON, LLP, a Nevada Limited Liability Partnership, d/b/a WOODS ERICKSON and WHITAKER, LLP, et al, | **MOTION TO PERMIT REGISTRATION OF JUDGMENT PURSUANT TO 28 U.S.C. § 1963** |
| Plaintiff, | |
| v. | |
| ANDREW B. PLATT, an individual, et al, | |
| Defendant. | |

Plaintiff/Counter-Defendant, WOODS & ERICKSON, LLP d/b/a WOODS ERICKSON & WHITAKER, LLP ("WEW" or "Firm"), by and through its attorneys, GERRARD COX LARSEN, and files this Motion to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963 ("Motion").

/ / /

/ / /

/ / /

/ / /

1

This Motion is made and based upon the pleadings and papers on file herein, the memorandum of points and authorities which follows, the attached exhibits, and any oral argument the Court entertains in the premises.

DATED this 16th day of September, 2021.    **GERRARD COX LARSEN**

*/s/ Douglas D. Gerrard, Esq.*
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
Gary C. Milne, Esq.
Nevada Bar No. 3653
2450 Saint Rose Parkway, Suite 200
Henderson, Nevada  89074
*Attorneys for Creditor, Woods & Erickson, LLP*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1. Debtor / Defendant, Andrew B. Platt, Esq. ("Platt"), is an attorney that worked at the Firm from August, 2007 until April 20, 2018, or for nearly eleven (11) years. Platt was hired first as an associate and was later made a limited partner of the Firm on January 1, 2016. While working at the Firm, Platt secretly and without authorization engaged in embezzlement and larceny by starting his own law firm ("L&S Counselors, Ltd." or "L&S") and diverting clients, business opportunities, and legal fees from such clients and opportunities to himself or his own firm, in direct competition to WEW and with the clear knowledge that he was willfully and maliciously harming WEW with his actions.

2. Accordingly, on May 23, 2018, WEW filed a lawsuit in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-774926-C ("State Court Action") against Platt and L&S (among others), related to Platt's fraudulent conduct described above. On November 13, 2019, with the State Court Action pending, Platt filed for Chapter 7 Bankruptcy, commencing the underlying bankruptcy action (Case No. 19-17282-abl). WEW then removed its State Court Action to this Court on December 13, 2019 (Case No. 19-01122-btb).

3. On December 27, 2019, WEW's non-dischargeability complaint was then filed, on the basis of 11 U.S.C. 523(a)(2) and 523(a)(4). (Case No. 19-01125-abl). As set forth more fully in

these filings, WEW asserted claims against Platt arising out of his fraudulent conduct, conversion, embezzlement, larceny and willful and malicious injury he inflicted upon the Firm.

4. On May 18-21, 24-25, 2021, the Court conducted the trial in this matter. On July 29, 2021, the Honorable Bruce T. Beesley verbally announced his decision in favor of the Firm. This was followed by entry of a written Judgment on August 26, 2021, in Case No. 19-01125-abl and 19-17282. Therein, the Court determined that the Debtor had converted WEW monies, clients and opportunities for his own benefit, stating:

> The testimony at trial provided uncontroverted evidence that Mr. Platt was a partner and an employee of the Firm, Wood & Erickson, LLP. The credible evidence showed that Mr. Platt took $31,815.00 in fees from Renaissance Academy and took $134,920.00 in fees through L&S to convert to his own benefit, fees, clients and business opportunities belonging to the Firm. Mr. Platt admitted that he was compensated by the Renaissance Academy for legal services which he never remitted to the Firm. Mr. Platt, as a partner, was required to hold as trustee for the Firm, all benefits derived from all partnership opportunities.
>
> **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant ANDREW B. PLATT is hereby denied a discharge of his debt under 11 U.S.C. Section 523(a)(4), and his debt of $166,735.00 of actual damages is non-dischargeable.

(Judgment entered in 19-17282-abl and 19-01125-abl are jointly attached as **Exhibit "A."** *See,* page 2, lines 14 - 23).

5. On September 8, 2021, Platt filed a Notice of Appeal [ECF No. 95] and an Amended Notice of Appeal [ECF No. 97], but has not sought a stay of execution or posted a supersedeas bond.[1]

6. On September 9, 2021, Platt filed a Change of Address [ECF No. 101], providing his new address at Wavetronix, 1827 W. 650 No., Springville, UT 84663, in keeping with WEW's belief and understanding that Platt has moved to Utah and is working there.

7. Because Platt has moved to Utah and is working there, the Firm must proceed against

---

[1] The fourteen-day automatic stay of execution of the Judgment under Fed. R. Civ. P. 62(a), incorporated by Fed. R. Bankr. P. 7062, expired on September 9, 2021, and WEW is now entitled to execute on the Judgment because Platt has not sought a stay of execution or posted a bond or other security in keeping with Fed. R. Civ. P. 62(d), incorporated by Fed. R. Bankr. P. 7062.

3

Platt's assets located outside of Nevada. Pursuant to 28 U.S.C. § 1963, WEW requests that the Court enter an order permitting the Firm to register the Judgment in the United States District Court for the State of Utah, Central Division, and any other judicial district in the United States in which Platt's assets are found.

## II.

## STATEMENT OF AUTHORITIES

**A.    Good Cause Exists to Permit WEW to Register the Judgment in Other Judicial Districts, Including the Central Division of Utah, Under 28 U.S.C. § 1963**

The Judgment may be enforced by execution in accordance with Fed. R. Civ. P. 69, which applies in bankruptcy adversary proceedings, Fed. R. Bankr. P. 7069 and 9014. More specifically, a writ of execution may be obtained in the federal judicial district that rendered the judgment, or in a "registration district" pursuant to 28 U.S.C. § 1963.

More specifically, 28 U.S.C. § 1963 provides: "[a] judgment in an action for the recovery of money . . . entered . . . in any . . . bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of time for appeal or ***when ordered by the court that entered the judgment for good cause shown.*** *Id.* (emphasis added). "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

A judgment is ripe for registration on "good cause" shown where the judgment debtor has failed to post adequate security. *Cheminova A/S v. Griffin LLC,* 182 F. Supp. 2d 68, 80 (D.D.C. 2002). This is because "the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good cause' to order the registration entered notwithstanding the alleged inconvenience and cost to defendant." *Associated Bus. Telephone Systems, Inc. v. Greater Capital Corp.,* 128 F.R.D. 63, 66-67 (D.N.J. 1989); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1197-98 (9th Cir. 2001). In this case Platt has failed to post any security for the judgment, despite having filed an appeal.

Additionally, Platt's Chapt. 7 bankruptcy filing and accompanying schedules provide information probative of § 1963 "good cause." *In re Reddy,* 589 B.R. 867, 873, 74 (Bankr. E.D.

4

Cal.). Here, Platt's Schedule A/B identifies one parcel of real property in Clark County, Nevada ("Residence"), said to have a value of $882,233.00 [ECF No. 12], which is claimed by Platt in his Schedule C, as exempt, 100% of fair market value up to any applicable statutory limit. [ECF No. 39]. Moreover, Platt has sold his Residence and relocated to Utah, where he is employed and earning a wage.

The apparent insufficiency of assets in this district to satisfy the Judgment, coupled with Platt's move to Utah, where he is employed, suffices as "good cause" under § 1963. A judgment creditor's burden to show "good cause" is minor: "[j]udgment creditors . . **need not show exact evidence of assets and registration may be granted upon a lesser showing**." *Owen v. Soundview Fin. Group, Inc.,* 71 F. Supp. 2d 278, 278-79 (S.D.N.Y 1999) (emphasis added) (internal quotation marks omitted); *In re Reddy*, ('the court has leeway and need not require strict proof from a plaintiff who has already prevailed on the merits of the claim."), citing, *Assoc. Bus. Tel. Sys.,* 128 F.R.D. at 66.

**B.    Registration is Appropriate Here Because Platt Owns Few, if Any, Assets in Nevada, Whereas he has Moved to Utah Where he is Working**

Because Platt does not have sufficient assets in Nevada to satisfy the Firm's Judgment, "good cause" exits under 28 U.S.C. § 1963 for registration of the Judgment in the Utah Central Division, where Platt lives and works.

To avoid the burden of repeated motions for the Court to permit the registration of Judgment in other judicial district(s), the Firm requests that the Court allow it to register the Judgment in any district in the United States where Platt's assets are found, now or in the future. "Good cause" undoubtedly exists for such an order because Platt currently own insufficient assets in Nevada and registration of the Judgment wherever sufficient assets are found through discovery will be necessary to collect the Judgment.

/ / /

/ / /

/ / /

# III.
# CONCLUSION

For the reasons stated above, the Firm respectfully requests that the Court permit the Judgment to be registered in the Central Division of Utah pursuant to 28 U.S.C. § 1963 and registered in the future in any other judicial district in the United States in which Platt's assets are found.

DATED this 16th day of September, 2021.     **GERRARD COX LARSEN**

*/s/ Douglas D. Gerrard, Esq.*
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
2450 Saint Rose Parkway, Suite 200
Henderson, Nevada  89074
*Attorneys for Creditor,*
*Woods & Erickson, LLP*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of GERRARD COX LARSEN, and that on the 16th day of September, 2021, I served a copy of the **MOTION TO PERMIT REGISTRATION OF JUDGMENT PURSUANT TO 28 U.S.C. § 1963**, as follows:

a. **Electronically Mailed by ECF System:**

DOUGLAS D. GERRARD on behalf of Plaintiff WOODS & ERICKSON, LLP

DGERRARD@GERRARD-COX.COM; kjohnson@gerrard-cox.com; emedellin@gerrard-cox.com, Kgonzales@Gerrard-Cox.com; Kjohnson@Gerrard-Cox.com; Jlangeveld@Gerrard-Cox.com; Nhenderson@Gerrard-Cox.com; Emedellin@Gerrard-Cox.com; Fbiedermann@Gerrard-Cox.com; gmilne@gerrard-cox.com

MATTHEW L. JOHNSON on behalf of Defendant ANDREW B. PLATT

annabelle@mjohnsonlaw.com, mjohnson@mjohnsonlaw.com; kelcie@mjohnsonlaw.com

b. **US First-Class Mail addressed and mailed to:**

ANDREW B PLATT on behalf of Defendant ANDREW B. PLATT

    ANDREW B PLATT
    Wavetronix
    1827 W 650 N
    Springville, UT 84663

/s/ Kanani Gonzales
Kanani Gonzales, an employee of
GERRARD COX & LARSEN

# EXHIBIT A

# EXHIBIT A



Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
August 26, 2021

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 19-17282-abl |
| ANDREW BUNKER PLATT and RUTH ANN PLATT, | Chapter 7 |
| Debtors. | **Adv. Case No. 19-01125-abl** |
| WOODS & ERICKSON, LLP, a Nevada limited liability partnership, d/b/a WOODS ERICKSON & WHITAKER, LLP, | **JUDGMENT** |
| Plaintiff, | |
| v. | |
| ANDREW B. PLATT, an individual, | |
| Defendant. | |

This adversary proceeding having come before the Court for a six-day trial on May 18, 2021, May 19, 2021, May 20, 2021, May 21, 2021, May 24, 2021 and May 25, 2021, Douglas D. Gerrard, Esq. of Gerrard Cox Larsen, appearing for Plaintiff, and Matthew L. Johnson, Esq. of Johnson & Gubler, P.C., appearing for Defendant.

Having reviewed all pleadings and admitted exhibits filed in this matter, the oral arguments of counsel, testimony of witnesses, after due deliberation and consideration, with proper notice having been given, and good cause appearing, the Court rules as follows:

1

The Complaint alleges a claim for nondischargeability under 11 U.S.C. Section 523(a)(4). Section 523(a)(4) states that a discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The Ninth Circuit in *Ormsby v. First American Title Co.*, 591 F.3d 1199, (2009) held that that a state law conversion claim (under Nevada law) may constitute larceny under federal law for purposes of 11 U.S.C. Section 523(a)(4) and held that "for purposes of Section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" The 9th Circuit *In re Short* determined "every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property. 818 F.2d 693, 695 (9th Cir. 1987)

The testimony at trial provided uncontroverted evidence that Mr. Platt was a partner and an employee of the Firm, Woods & Erickson, LLP. The credible evidence showed that Mr. Platt took $31,815.00 in fees from Renaissance Academy and took $134,920.00 in fees through L&S to convert to his own benefit, fees, clients and business opportunities belonging to the Firm. Mr. Platt admitted that he was compensated by the Renaissance Academy for legal services which he never remitted to the Firm. Mr. Platt, as a partner, was required to hold as trustee for the Firm, all benefits derived from all partnership opportunities.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant ANDREW B. PLATT is hereby denied a discharge of his debt under 11 U.S.C Section 523(a)(4), and his debt of $166,735.00 of actual damages is non-dischargeable.

**IT IS SO ORDERED.**



_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
August 26, 2021

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br>ANDREW BUNKER PLATT and RUTH ANN PLATT,<br><br>     Debtors.<br>_____<br>WOODS & ERICKSON, LLP, a Nevada limited liability partnership, d/b/a WOODS ERICKSON & WHITAKER, LLP,<br><br>     Plaintiff,<br>v.<br>ANDREW B. PLATT, an individual,<br><br>     Defendant. | Case No.: 19-17282-abl<br><br>Chapter 7<br><br>**Adv. Case No. 19-01125-abl**<br><br>**JUDGMENT** |

  This adversary proceeding having come before the Court for a six-day trial on May 18, 2021, May 19, 2021, May 20, 2021, May 21, 2021, May 24, 2021 and May 25, 2021, Douglas D. Gerrard, Esq. of Gerrard Cox Larsen, appearing for Plaintiff, and Matthew L. Johnson, Esq. of Johnson & Gubler, P.C., appearing for Defendant.

  Having reviewed all pleadings and admitted exhibits filed in this matter, the oral arguments of counsel, testimony of witnesses, after due deliberation and consideration, with proper notice having been given, and good cause appearing, the Court rules as follows:

1

The Complaint alleges a claim for nondischargeability under 11 U.S.C. Section 523(a)(4). Section 523(a)(4) states that a discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The Ninth Circuit in *Ormsby v. First American Title Co.*, 591 F.3d 1199, (2009) held that that a state law conversion claim (under Nevada law) may constitute larceny under federal law for purposes of 11 U.S.C. Section 523(a)(4) and held that "for purposes of Section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" The 9th Circuit *In re Short* determined "every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property. 818 F.2d 693, 695 (9th Cir. 1987)

The testimony at trial provided uncontroverted evidence that Mr. Platt was a partner and an employee of the Firm, Woods & Erickson, LLP. The credible evidence showed that Mr. Platt took $31,815.00 in fees from Renaissance Academy and took $134,920.00 in fees through L&S to convert to his own benefit, fees, clients and business opportunities belonging to the Firm. Mr. Platt admitted that he was compensated by the Renaissance Academy for legal services which he never remitted to the Firm. Mr. Platt, as a partner, was required to hold as trustee for the Firm, all benefits derived from all partnership opportunities.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant ANDREW B. PLATT is hereby denied a discharge of his debt under 11 U.S.C Section 523(a)(4), and his debt of $166,735.00 of actual damages is non-dischargeable.

**IT IS SO ORDERED.**

2