FILED

APR 22 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANDREW B. PLATT and RUTH ANN PLATT,<br><br>                Debtors. | BAP No. NV-21-1198-TLG<br><br>Bk. No. 2:19-bk-17282-BTB<br><br>Adv. No. 2:19-bk-01125-BTB |
| ANDREW B. PLATT,<br>                Appellant,<br>v.<br>WOODS & ERICKSON LLP,<br>                Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Bruce T. Beesley, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Andrew B. Platt appeals the bankruptcy court's judgment against him finding a debt of $166,735 to his former law firm to be non-

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

dischargeable under 11 U. S. C. § 523(a)(4).[1] We VACATE and REMAND for additional action as required by this memorandum.

## DISCUSSION

Prepetition, Platt was an associate and, as of January 1, 2016, an alleged partner at the law firm of Woods & Erickson, LLP, a Nevada Limited Liability Partnership (the "Firm"). During his tenure, he took payments for legal services where the Firm claims the payments were its assets. He also allegedly usurped Firm business opportunities and took other tangible and intangible assets and opportunities from the Firm. These activities occurred both before and after January 1, 2016.

Once the Firm discovered the activities, it ousted Platt and sued him in state court, seeking recovery of actual and punitive damages. Platt eventually filed a chapter 7 bankruptcy case; the Firm then removed the state court action to the bankruptcy court, creating adversary proceeding number 19-01122 (the "State Court Action"). It also initiated a separate nondischargeability action seeking a judgment under, as relevant for this appeal, § 523(a)(4). The complaint, as relevant to this appeal, requests recovery based on alleged breach of fiduciary duty.

As the matter proceeded towards trial, the bankruptcy court made two related rulings. First, it refused to consolidate the two adversary

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

proceedings. Second, mere days before trial, it refused to allow amendment of the complaint to include a § 523(a)(6) conversion claim or to allow a § 523(a)(4) claim based on larceny to be a basis for recovery. There is little to nothing in the record to explain either the bankruptcy court's analysis in making these rulings or how they impacted the trial.

After a six-day trial, the bankruptcy court entered a short judgment containing cursory findings. It determined that Platt was a partner of the Firm for part of his tenure, that he acted with the state of mind required for larceny, and that $166,735 was nondischargeable. This number equates to amounts allegedly taken when an associate ($31, 815) and as an alleged partner ($134,920).

On appeal, this procedural record and the dearth of findings renders us incapable of answering critical issues, including whether the order on appeal is final.

As to finality, both parties to the appeal argue that the State Court Action was not mooted by the judgment and that the exact amount of the nondischargeable judgment remains to be resolved. To the extent that the bankruptcy court liquidated any portion of the nondischargeable judgment, Platt argues error, saying that the bankruptcy court's intention in refusing to consolidate was to reserve the liquidation of the **amount** of the nondischargeable claim entirely to the state court. The Firm asserts that the bankruptcy court appropriately liquidated **a portion** of the claim through its trial but intended, notwithstanding the language of the

3

judgment, to allow augmentation of the judgment through a final determination in the State Court Action (which has since been remanded). Under either view, questions arise as to the finality of the judgment and our jurisdiction on appeal.

"Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291." *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001) (citations omitted). Thus, we typically lack jurisdiction in an appeal from a merely interlocutory order.

Remand is appropriate to allow the bankruptcy court to clarify the situation. Is this judgment the final word as to the existence and amount of the nondischargeable judgment? If so, how can this position be reconciled with the decisions to deny consolidation of the two adversary proceedings and to remand the State Court Action?

We also note that if finality were the only cause for question, we would suggest that the bankruptcy court consider certification of the matter as appropriate for interlocutory review under Civil Rule 54(b) (applicable via Rule 7054). But other areas of concern arise given the confusing procedural history and lack of clear findings.

First, we cannot tell whether the bankruptcy court found nondischargeability based on breach of fiduciary duty or larceny or both. If it found larceny, then we cannot square this with its apparent determination before trial that larceny would not be a basis for

4

nondischargeability. And if breach of fiduciary duty, we cannot discern how this supports the entire amount of the nondischargeable claim that, at least facially, appears to include moneys taken when Platt was not a partner. The bankruptcy court should clarify the basis of its nondischargeability decision. And if based on larceny, it should explain how this determination squares with its pre-trial determination that larceny could not be a basis for a nondischargeability determination, or it should reconsider its decision regarding litigation of claims based on larceny if a legally appropriate basis for doing so exists.

Further, as to breach of fiduciary duty, we lack findings that adequately reflect the court's reasoning. The record supports a determination that Platt was a partner at some point in time. But a debt is nondischargeable as a defalcation in a fiduciary capacity only if a partnership under Nevada law is tantamount to an express or statutory trust. True, Nevada statutory law provides that the duties of partners rise to the level of an express or statutory trust, at least as of July 1, 2006 (*See* Nev. Rev. Stat. ("NRS") § 87.4314). NRS § 87.4336 provides in relevant part:

> 2. A partner's duty of loyalty to the partnership and the other partners is limited to the following:
>
> (a) To account to the partnership and hold as trustee for it any property, profit or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership

5

>   property, including the appropriation of a partnership opportunity[.]

But because the section applies only to partnerships formed on or after July 1, 2006, it is critical that the bankruptcy court clarify whether the partnership with Platt is the original Firm partnership formed in 1995 or a new partnership formed as of January 1, 2016. And if it is the former, then it is important for the bankruptcy court to explain how an express or statutory trust arises notwithstanding the inapplicability of NRS § 87.4336.

The bankruptcy court also failed to explain how the state of mind required by *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013), was evidenced. For a debt to be nondischargeable under § 523(a)(4) as a defalcation, the debtor must possess "a culpable state of mind," which the Supreme Court described as "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Id.* The reference to larceny may be intended to fill this state of mind lacuna in the record, but we cannot be certain. The bankruptcy court should fill the gap on remand.

In addition, there are questions as to the calculation of the amount of the nondischargeable debt. Facially, we can discern that it reflects simple addition of two numbers that were in evidence. But there were other numbers in evidence, and, depending on the partnership finding, there may have been appropriate deductions or other offsets. Clarification on remand is necessary.

We acknowledge that we can affirm for any reason supported by the record, but here the lack of findings and the discord between the procedural record and the judgment give us too little to go on. Clarity must be provided by the trial court.

Finally, we acknowledge that the judge handling the matter through trial is now retired. We remand to a fresh set of eyes. This is unfortunate, but we see no alternative. But to be clear, on remand the new judge has all latitude consistent with due process and applicable law to bring the required clarity to the case.

## CONCLUSION

Based on the foregoing, we VACATE and REMAND for further action consistent with this memorandum.

# FILED

APR 22 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

In re: ANDREW B. PLATT; RUTH ANN PLATT

| | |
|---|---|
| Debtors | BAP No.: **NV-21-1198-TLG** |
| ------------------------------ | Bk.Ct. Appeal Reference#: 21-25<br>Bankr. No.:  2:19-bk-17282-BTB |
| ANDREW B. PLATT | Adv. No.:    2:19-ap-01125-BTB<br>Chapter 7 |
| Appellant | |
| v. | |
| WOODS & ERICKSON LLP | April 22, 2022 |
| Appellee | |

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Nevada - Las Vegas.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is VACATED and REMANDED.

### FOR THE PANEL,

Susan M Spraul
Clerk of Court
**By:** Vincent Barbato, Deputy Clerk

**Date:** April 22, 2022

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

FILED

MAY 13 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

_____

In re: ANDREW B. PLATT; RUTH ANN PLATT

                Debtors

-------------------------------

ANDREW B. PLATT

                Appellant

v.

WOODS & ERICKSON LLP

                Appellee

BAP No.: **NV-21-1198-TLG**

Bankr. No. 2:19-bk-17282-BTB
Adv. No. 2:19-ap-01125-BTB
Chapter 7

May 13, 2022

_____

## PROOF OF SERVICE OF MANDATE

A certified copy of the attached judgment was sent to:

CLERK
U.S. BANKRUPTCY COURT

Honorable U.S. Bankruptcy Judge Bruce T. Beesley
U.S. Bankruptcy Court
C. Clifton Young Federal Building and United States Courthouse
300 Booth Street
5th Floor
Reno, NV 89502-1316

BkCt, Las Vegas
U.S. Bankruptcy Court
Foley Federal Building
300 Las Vegas Boulevard South
Las Vegas, NV 89101-0000


on May 13, 2022
By: Vincent Barbato, Deputy Clerk

# FILED

APR 22 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re: ANDREW B. PLATT; RUTH ANN PLATT

Debtors

-------------------------------

ANDREW B. PLATT

Appellant

v.

WOODS & ERICKSON LLP

Appellee

BAP No.: **NV-21-1198-TLG**

Bk.Ct. Appeal Reference#: 21-25
Bankr. No.: 2:19-bk-17282-BTB
Adv. No.:    2:19-ap-01125-BTB
Chapter 7

April 22, 2022

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Nevada - Las Vegas.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is VACATED and REMANDED.

### FOR THE PANEL,

Susan M Spraul
Clerk of Court
By: Vincent Barbato, Deputy Clerk

Date: April 22, 2022

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:
Susan M. Spraul, Clerk
by Deputy Clerk (Vincent J. Barbato)
DATE: 05/13/22